[Cite as *State v. Knapp*, 2017-Ohio-2808.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ANTHONY J. KNAPP | : | Case No. 16-CA-00009 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Perry County Court of
                                    Common Pleas, Case No. 15-CR-0068


JUDGMENT:                           Affirmed


DATE OF JUDGMENT:                   May 15, 2017


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

JOSEPH A. FLAUTT                            JAMES S. SWEENEY
Prosecuting Attorney                        James Sweeney Law, LLC
111 North High Street                       341 South Third Street, Suite 100
P.O. Box 569                                Columbus, Ohio 43215
New Lexington, Ohio 43764-0569

*Baldwin, J.*

{¶1}   Defendant-appellant Anthony J. Knapp appeals the overruling by the Perry County Court of Common Pleas of his Motion to Suppress. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On October 20, 2015, the Perry County Grand Jury indicted appellant on one count of aggravated possession of drugs in violation of R.C. 2925.11 (A) and (C)(1)(a), a felony of the fifth degree, and one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree. At his arraignment on January 21, 2016, appellant entered a plea of not guilty to the charges.

{¶3}   On May 5, 2016, appellant filed a Motion to Suppress. Appellant, in his motion, argued that the "statements obtained by law enforcement in their custodial interrogation of him were obtained without following the required procedural safeguards of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.(2d) 694 (1966)…"   A hearing on appellant's motion was held on June 14, 2016.

{¶4}   At the hearing, Sergeant David Briggs of the Perry County Sheriff's Office testified that he was on patrol as a deputy on June 11, 2015 and was in uniform in a marked cruiser. He testified that he observed a Pontiac Grand Prix that, a few months earlier, he had observed at residences known for or suspected of narcotics trafficking. Sergeant Briggs testified that he ran the vehicle registration and that while he was waiting for information, he saw the vehicle pull into a Circle K and the driver and passenger exit the same and walk into the store. He testified that appellant was the driver.

{¶5} After learning that the vehicle registration was expired, Sergeant Briggs waited for appellant and his passenger to get back into the vehicle. He testified that he followed the vehicle and that, after it came to a complete stop, the passenger jumped out and began running towards the back of the vehicle. Sergeant Briggs then activated his lights, ordered the passenger back into the vehicle and approached appellant. According to him, appellant appeared to be nervous and his hands were trembling. Appellant admitted that his driver's license was suspended and further admitted to knowing that his vehicle registration was expired. While appellant was under several license suspensions, his passenger had a felony warrant out of Fairfield County on a narcotics violation. The passenger was placed under arrest.

{¶6} Sergeant Briggs testified that he called Chief Ball to secure the passenger and then retrieved his K-9 from his cruiser to conduct a free air search of appellant's vehicle. The Sergeant was unable to secure individuals in his own cruiser or transport them due to having the K-9 in his cruiser. While the Sergeant was arresting the passenger, appellant was in the driver's seat of the vehicle. When asked the result of the search, Sergeant Briggs testified that his K-9 indicated that there were illegal narcotics on the driver's side of appellant's vehicle. The Sergeant then searched appellant's vehicle after having appellant exit the same and stand at the back of the vehicle. Appellant, who was informed that the K-9 had alerted to the presence of illegal narcotics, was not told that he was under detention or could not leave at that time. During a search of appellant's vehicle, Sergeant Briggs found two jewelry bags in the liquid contained within a polar pop cup which was in the center console of the vehicle. He previously had seen appellant exit the store with a polar pop cup in his hand. When asked if the polar pop cup was his,

appellant admitted that it was and told Sergeant Briggs that it contained methamphetamines. Appellant told him that he had put the methamphetamines in the cup when he was being pulled over.

{¶7} According to Sergeant Briggs, appellant, prior to the initial questioning, was not told that he was being detained and was not free to leave and was not handcuffed. He further testified that appellant was not placed in the back of his cruiser and never asked if he could leave. Before interviewing appellant for the second time, Sergeant Briggs advised appellant of his *Miranda* rights. After the second interview, appellant was arrested.

{¶8} On cross-examination, Sergeant Briggs admitted that during the air search of appellant's vehicle, appellant, for reasons of officer safety, would not have been allowed to get out of his vehicle.

{¶9} At the hearing, appellant testified that after the K-9 alerted to drugs and he was ordered to get out of his vehicle, he did not feel like he had a choice. He testified that he thought that he would have been "jerked out of the vehicle" if he did not listen and expected to be put in the back of the cruiser. Transcript at 32. Appellant further testified that he did not feel that he could have walked away.

{¶10} The trial court, as memorialized in a Judgment Entry filed on July 12, 2016, denied appellant's Motion to Suppress, finding that appellant was not in custody at the time of the initial questioning and that, therefore, Sergeant Briggs' initial questioning of appellant did not require *Miranda* warnings.

{¶11} Thereafter, on July 14, 2016, appellant withdrew his former not guilty plea and entered a plea of no contest to both charges. The trial court found appellant guilty.

Pursuant to a Judgment Entry filed on July 29, 2016, appellant was placed on community control for a period of four (4) years with the condition that he attend and successfully complete the program at the SEPTA Center in Nelsonville, Ohio. Appellant was also fined $1,000.00, his driver's license was suspended for a period of six (6) months and he was ordered to perform 100 hours of community service.

{¶12} Appellant now raises the following assignment of error on appeal:

{¶13} THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY OVERRULING APPELLANT'S MOTION TO SUPPRESS STATEMENTS MADE WHILE APPELLANT WAS IN CUSTODY.

I

{¶14} Appellant, in his sole assignment of error, argues that the trial court erred in failing to suppress statements that appellant made to Sergeant Briggs while appellant was in custody. We disagree.

{¶15} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long,* 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks,* 75 Ohio St.3d 148, 154, 1996-Ohio-134, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf,* 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State*

*v. Williams,* 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

**{¶16}** There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See *State v. Fanning,* 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein,* 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, *Williams,* supra.

**{¶17}** Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93, 96, 620 N.E.2d 906 (8th Dist.1994).

**{¶18}** Appellant, in the case sub judice, argues that his Motion to Suppress should have been granted because he was in custody at the time of his initial interrogation by Sergeant Briggs and was not *Mirandized* at such time. The State may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S .Ct. 1602, 16 L.Ed.2d 694 (1966). Not all questioning, however, rises to the level of "custodial interrogation."

**{¶19}** Custodial interrogation is "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *State v. McKinley,* 5th Dist. Delaware No. 15 CAA 06 0048, 2016–Ohio–191, ¶ 17, citing *Miranda,* supra, 384 U .S. at 444. In *Thompson v. Keohane,* the Court offered the following description of the *Miranda* custody test:

> Two discrete inquiries are essential to the determination: first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave. Once the scene is set and the players' lines and actions are reconstructed, the court must apply an objective test to resolve the ultimate inquiry: was there a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.

**{¶20}** *Thompson v. Keohane,* 516 U.S. 99, 112, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995); *accord, Yarborough v. Alvarado,* 541 U.S. 652, 653, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004).

**{¶21}** The police and courts must "examine all of the circumstances surrounding the interrogation," *Stansbury v. California,* 511 U.S. 318, 322, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994), including those that "would have affected how a reasonable person" in the suspect's position "would perceive his or her freedom to leave," *Id.* at 325. However, the test involves no consideration of the particular suspect's "actual mindset." *Yarborough,* supra, 541 U.S. 652 at 667; accord, *State v. Mason,* 82 Ohio St .3d 144,

153, 1998–Ohio–370, 694 N.E.2d 932; *State v. Gumm,* 73 Ohio St.3d 413, 429, 1995–Ohio–24, 653 N.E.2d 253.

**{¶22}** Traffic stops such as the one at issue here do not rise to the level of "formal arrest." Thus, generally in the course of an ordinary traffic stop, *Miranda* rights are not implicated because custodial interrogation does not occur. In *Berkemer v. McCarty,* 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984), the Supreme Court held that roadside questioning of a motorist detained pursuant to a routine traffic stop does not constitute "custodial interrogation" under the rule announced in *Miranda,* supra. However, once a traffic stop evolves beyond the "ordinary," questioning may rise to the level of custodial interrogation under certain circumstances. In *Pennsylvania v. Bruder,* 488 U.S. 9, 109 S.Ct. 205, 102 L.Ed.2d 172 (1988), the Supreme Court held that an ordinary traffic stop during which the police officer asked the driver a modest number of questions at a location visible to passing motorists did not involve custody for purposes of *Miranda.* The Court noted its holding in *Berkemer* applied only to ordinary traffic stops, but observed a motorist "might properly" be found to have been placed "in custody" for purposes of *Miranda* safeguards where he was detained for over one-half hour and subjected to questioning while in a patrol car. *Bruder,* supra, at 11, f.n. 2. The Court noted that *Berkemer* applies only to "ordinary traffic stops" and not to the "unusual traffic stop" where a motorist is subjected to "prolonged detention" while in a patrol car.

**{¶23}** The Ohio Supreme Court has noted a suspect need not be under arrest to be "in custody" for *Miranda* purposes. *State v. Farris,* 109 Ohio St.3d 519, 2006–Ohio–3255, 849 N.E.2d 985, ¶ 13, citing *Berkemer,* supra, 468 U.S. at 420. In *Farris,* after stopping a driver for speeding, a police officer noticed the odor of burnt marijuana coming

from inside the car. The officer asked the driver to step out of the car, patted the driver down, and placed him in the front seat of the patrol car. Without providing *Miranda* warnings, the officer asked the driver about the smell of marijuana and told him he was going to search the car. At that point, the driver admitted that a marijuana pipe was in a bag in the trunk.

**{¶24}** The Ohio Supreme Court held "the officer's treatment of Farris after the original stop placed Farris in custody for practical purposes". *Id.* at ¶ 14. The Court, quoting *Berkemer,* held the only relevant inquiry in determining whether a person is in custody is "how a reasonable [person] in the suspect's position would have understood [their] situation." *Id.* The Court found that a reasonable person in Farris's position would have understood himself to be in custody of a police officer, because (1) the officer patted down Farris; (2) took his car keys; (3) instructed him to enter the cruiser; and (4) he told Farris that he was going to search Farris's car because of the scent of marijuana. *Id.* The Court held that the driver's pre-warning and post-warning statements were inadmissible.

**{¶25}** We find the recent case of *State v. Lukjare*, 5th Dist. Ashland No. 15–COA–038, 2016-Ohio-4613 to be instructive. In *Lukjare,* after the appellee was stopped for speeding, the Trooper noticed a strong odor of cologne or deodorizer emanating from the vehicle and that the appellee was nervous and wouldn't make eye contact. The Trooper asked the appellee to exit the vehicle and placed him in the rear of the patrol car for the purpose of separating the appellee from the strong odor in the vehicle. The appellee was patted down but not handcuffed before being placed in the cruiser.

**{¶26}** A Deputy arrived on the scene approximately 13 minutes into the traffic stop with K–9 officer Nicky, opened the back door of the patrol car to speak to the appellee

and told him he was a narcotics officer there to walk his dog around the vehicle. The appellee then stated there were drugs in the vehicle. Marijuana and drug paraphernalia were located in bags in the rear hatch of the car. The appellee said the drugs were his.

**{¶27}** The appellee, who was not *Mirandized* at any time throughout the stop and remained seated in the rear of the patrol car, filed a Motion to Suppress, arguing that he was in custody. The trial court granted the motion and the State of Ohio appealed. This Court reversed the judgment of the trial court, finding that the appellee was not in custody and that the Motion to Suppress should not have been granted. This Court noted that the appellee was not handcuffed, his keys were not taken away, and he was not subjected to a lengthy detention.

**{¶28}** In the case sub judice, the stop was an ordinary traffic stop. Appellant was asked to exit his vehicle prior to the search and was not placed in a police cruiser. Appellant was not handcuffed; his keys were not taken away; nor was he subjected to a lengthy detention. Moreover, appellant was not told that he was being detained and was not free to leave.

**{¶29}** Based on the foregoing, we conclude that appellant's statements to law enforcement are admissible because appellee was not subject to custodial interrogation during the time of the initial interrogation. We find, therefore, that the trial court did not err in denying the Motion to Suppress.

**{¶30}** Appellant's sole assignment of error is, therefore, overruled.

{¶31} Accordingly, the judgment of the Perry County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

John Wise, J. concur.